UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WANELEY WRAY BROWN, ) | CASE NO. 4:11 CV 1004 |
| ) | |
| ) | |
| Petitioner, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| ROBERT F. FARLEY, WARDEN ) | |
| ) | |
| ) | |
| Respondent. ) | |

*Pro se* petitioner Wanely Wray Brown filed the above-captioned Writ of Habeas Corpus action against Warden Robert F. Farley at the Federal Satellite Location in Elkton, Ohio ("FSL Elkton"). Petitioner, who is incarcerated at FSL Elkton as "Waynely Brown (# 15488-058),"[1] claims he is actually Wanely Wray Brown and has been falsely convicted and imprisoned as a result of mistaken identity. He seeks immediate release. For the reasons set forth below, the Petition is dismissed.

---

[1] The Bureau of Prisons website identifies prisoner number 15488-058, which is included in Petitioner's signature block, as Waynely Brown.

*Background*

Petitioner claims he was stopped by the police on September 1, 1999, while driving in Boiling Springs, North Carolina, and cited for speeding. After he was issued a traffic citation, the officer advised him he was free to leave. Three hours later, however, the police arrived at Petitioner's home and arrested him as a "fugitive [who] was armed and dangerous despite having only 'a name' to identify Brown." (Pet.'s Mem. at 3.) Petitioner later learned Devon Thomlinson allegedly used the fictitious name, Waynely Brown, when he was arrested in 1997. He believes this is what led the police to believe he was a fugitive.

Petitioner claims he was subsequently transferred to federal court. At some point he received a copy of the indictment against him and noticed Waynely Brown was named, not him. While he allegedly called this error to the attention of the judge, "the judge refrained from further investigation into Brown's claim." *Id.* He alleges he also argued this issue to his attorney, repeatedly declaring his innocence, and maintaining he was a victim of misidentification. His attorney refused to pursue the claim and stated "there was nothing he could do about it because to change the indictment would be tampering with evidence." *Id.*

On August 4, 1999, Petitioner was indicted and charged in a one count bill of indictment with conspiracy to possess with intent to distribute cocaine and cocaine base. *United States v. Waynely Brown*, No. 1:99cr0075 (W.D. NC 1999). Petitioner maintains that, during trial "[n]o state or federal agents could make any form of positive identification of the petitioner nor . . . any positive claims that petitioner was involved in any drug activities since the only way to connect the petitioner to the alleged crimes he allegedly committed was by the name of 'Waynely Brown.'"(Pet.'s Mem. at 5.) The jury returned a guilty verdict on January 20, 2000. The district

2

court sentenced Petitioner on January 31, 2001, to a term of 240 months imprisonment. Petitioner appealed his conviction and sentence to the United States Fourth Circuit Court of Appeals arguing violations of *Apprendi* [*v. New Jersey*, 530 U.S. 466(2000)], and (2) that his sentence enhancements were not warranted by the evidence. The Fourth Circuit upheld his conviction. *United States v. Brown*, No. 01-4108, 2002 WL 431890 (4th Cir. Mar. 20, 2002).

In May 2003, Petitioner filed a motion pursuant to 28 U.S.C. § 2255. *Brown v. United States*, No.1:03cv111 (W.D. NC 2003). That motion was denied on August 19, 2003. *Id* at Doc. 4. Petitioner's motion for a certificate of appealability was subsequently denied by the Fourth Circuit. *United States v. Brown*, No. 03-7744, 2004 WL 693118 (4th Cir. Mar. 30, 2004). The Fourth Circuit held that Petitioner failed to demonstrate that reasonable jurists would find his constitutional claims were debatable. *Id*.

Petitioner later filed a motion to compel the Government to file a Motion for a Sentence Reduction. The trial court denied the Motion, which the Fourth Circuit affirmed in 2005. *United States v. Brown*, No. 05-7434.2005 WL 3210303 (Nov. 30, 2005)(4th Cir. Nov. 30, 2005). The trial court denied his motion to reconsider his § 2255 motion and he unsuccessfully appealed that decision to the Fourth Circuit. *United States v. Brown*, No. 06-7100, 2006 WL 2527627(4th Cir. Sept. 1, 2006).

Petitioner next filed a motion pursuant to the Crack Cocaine Guideline Amendment in his criminal case. The trial court denied the motion on March 16, 2009. Again, Petitioner appealed, arguing the trial court could have sentenced him below the amended guideline range. The Fourth Circuit affirmed the district court's decision to deny Petitioner's motion. *United States v. Brown*, No. 09-6611, 2009 WL 2337110 (4th Cir. July 30, 2009). During the pendency of this

3

appeal, Petitioner filed another motion to reduce his sentence or alternatively, for reconsideration in the trial court. That motion was denied on April 2, 2009 and Petitioner did not appeal. Instead, Petitioner filed two additional motions in the trial court, which were denied on May 14, 2010.

Eleven years after his conviction, Petitioner filed a Petition for *Writ of Audita Querela* in the trial court. Pursuant to the ancient *writ of audita querela*, Petitioner claimed he was not the person indicted in 1999 because Devon Alphonso Thomlinson stole his identity and he was denied effective counsel at trial. The district court explained to Petitioner that the writ was not available "where postconviction relief would be cognizable pursuant to 28 U.S.C. § 2255." *United States v. Brown*, 2010 WL 4818013, at 2 (W.D.N.C. Nov. 22, 2010.) His request for relief was denied. The Petition before this Court followed.

## Analysis

Petitioner asserts he is being subjected to a judgment that is void because he is not the man identified in the indictment. He claims further, that the judgment violates his Sixth Amendment right to counsel who provided inadequate representation. He seeks a reversal of the jury's verdict and immediate release from custody.

As evidence of his true identity, Petitioner attaches copies of his North Carolina driver's license identifying him as Waneley W. Brown. In addition, he provides his Birth Registration Form, issued July 16, 2008, indicating his birth on June 23, 1957 under the same name. A social security and resident alien card bearing the same name, are also attached to his Petition.

An affidavit from Devon Alphanso Thomlinson, dated 14 January 2007, is also

attached as Exhibit C.[2] Mr. Thomlinson avers he was arrested on October 26, 1997 in Shelby, North Carolina after he "fled Florida where [he] was working with the federal authorities." (Pet. Ex. C.) He identifies himself as "Devon Alphanso Thomlinson, aka Waynely Brown, Junior Brown, Dean Lodge, [and] Dwayne & D." *Id.* After his arrest, Mr. Thomlinson states he began working with the federal government to "give information about Waneley Brown." *Id.* He attests, however, that the information he provided against Waneley Brown during his trial was false and "only given out of fear and coercion in the hands of the federal authorities with who [sic] I was working at the time." *Id.* Petitioner cites numerous cases, which he purports stand for the proposition that courts will not enforce convictions based on misidentification.

*Initial Review*

This matter is before the court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). At this stage, allegations in the Petition are taken as true and liberally construed in petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir.2001). As Petitioner is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir.2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir.1999). For the reasons set forth below, however, the Petition is dismissed.

*28 U.S.C. § 2241*

To the extent Petitioner claims he is entitled to vacate his criminal conviction through his Petition before the Court, he has failed to state a claim for relief. Claims asserted by federal prisoners who seek to challenge their convictions or the imposition of their sentence must file a

---

[2]The address Mr. Thomlinson provides on the affidavit indicates he is living in Jamaica.

5

Motion to Vacate in the sentencing court under 28 U.S.C. § 2255. *See Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). The record reveals Petitioner did file a Motion to Vacate his sentence in May 2003. Since that time, Petitioner has attempted to raise several issues with the trial court and court of appeals to challenge, in part, the length of his sentence, albeit without success.

This Court is aware that § 2255 does provide a safety valve wherein a federal prisoner may bring a 28 U.S.C. § 2241 claim, challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997). The fact that Petitioner's earlier motion was denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988), and he is now procedurally barred from filing another 28 U.S.C. § 2255, does not render his § 2255 remedy inadequate. *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir.) Moreover, the fact that Petitioner has been denied permission to file a second or successive motion to vacate does not dictate that his §2255 remedy is inadequate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998).

To date, a prisoner's remedy has been considered inadequate in limited circumstances where the prisoner can show that an intervening change in the law establishes his actual innocence. *See Lott v. Davis*, No. 03-6172, 2004 WL 1447645, at *2 (6th Cir. June 18, 2004)(unpublished)("it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause"); *see Martin v. Perez*, 319 F.3d 799, 804 (6th Cir.2003); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001)("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall

6

within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence").

"'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."' *Martin*, 319 F.3d at 804 (quoting in *Bousley v. United States*, 523 U.S. 614, 623 (1998))(emphasis added). Unlike the prisoners at issue in *Bailey v. United States*, 516 U.S. 137(1995), who could not establish their innocence before the Supreme Court issued its decision, Petitioner was not barred from timely filing a § 2255 motion asserting his innocence. A jury has, however, already convicted Petitioner of the crime for which he was indicted. Therefore, he cannot argue it is more likely no reasonable juror would have convicted him based on the evidence presented at trial.

*Conclusion*

Based on the foregoing, the *Motion to Proceed in Forma Pauperis* is granted and the Petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE